**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| JOHN THOMPSON, Individually and On Behalf of All Others Similarly Situated, </br></br> Plaintiff, </br></br> v. </br></br> AUDENTES THERAPEUTICS, INC., MATTHEW R. PATTERSON, LOUIS G. LANGE, MARK GOLDBERG, JENNIFER JARRETT, SCOTT MORRISON, THOMAS J. SCHUETZ, JULIE ANNE SMITH, ASTELLAS PHARMA INC., and ASILOMAR ACQUISITION CORP., </br></br> Defendants. | Case No. _____ </br></br> JURY TRIAL DEMANDED </br></br> CLASS ACTION |

**COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934**

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

**NATURE OF THE ACTION**

1. This action stems from a proposed transaction announced on December 2, 2019 (the "Proposed Transaction"), pursuant to which Audentes Therapeutics, Inc. ("Audentes" or the "Company") will be acquired by Astellas Pharma Inc. ("Parent") and Asilomar Acquisition Corp. ("Merger Sub," and together with Parent, "Astellas").

2. On December 2, 2019, Audentes' Board of Directors (the "Board" or "Individual Defendants") caused the Company to enter into an agreement and plan of merger (the "Merger Agreement") with Astellas. Pursuant to the terms of the Merger Agreement, Merger Sub commenced a tender offer (the "Tender Offer") to purchase all of Audentes' outstanding common

stock for $60.00 per share in cash.  The Tender Offer is set to expire on January 14, 2020.

3. On December 16, 2019, defendants filed a Solicitation/Recommendation Statement (the "Solicitation Statement") with the United States Securities and Exchange Commission ("SEC") in connection with the Proposed Transaction.

4. The Solicitation Statement omits material information with respect to the Proposed Transaction, which renders the Solicitation Statement false and misleading.  Accordingly, plaintiff alleges herein that defendants violated Sections 14(e), 14(d), and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Solicitation Statement.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over all claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(e), 14(d), and 20(a) of the 1934 Act and Rule 14a-9.

6. This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper under 28 U.S.C. § 1391 because a substantial portion of the transactions and wrongs complained of herein occurred in this District.

## PARTIES

8. Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of Audentes common stock.

9. Defendant Audentes is a Delaware corporation and maintains its principal executive offices at 600 California Street, 17th Floor, San Francisco, California 94108.  Audentes'

common stock is traded on the NASDAQ Global Select Market under the ticker symbol "BOLD."

10. Defendant Matthew R. Patterson is Chief Executive Officer and Chairman of the Board of the Company.

11. Defendant Louis G. Lange is a director of the Company.

12. Defendant Mark Goldberg is a director of the Company.

13. Defendant Jennifer Jarrett is a director of the Company.

14. Defendant Scott Morrison is a director of the Company.

15. Defendant Thomas J. Schuetz is a director of the Company.

16. Defendant Julie Anne Smith is a director of the Company.

17. The defendants identified in paragraphs 10 through 16 are collectively referred to herein as the "Individual Defendants."

18. Defendant Parent is a company organized under the laws of Japan and a party to the Merger Agreement.

19. Defendant Merger Sub is a Delaware corporation, a wholly-owned subsidiary of Parent, and a party to the Merger Agreement.

## CLASS ACTION ALLEGATIONS

20. Plaintiff brings this action as a class action on behalf of himself and the other public stockholders of Audentes (the "Class"). Excluded from the Class are defendants herein and any person, firm, trust, corporation, or other entity related to or affiliated with any defendant.

21. This action is properly maintainable as a class action.

22. The Class is so numerous that joinder of all members is impracticable. As of November 29, 2019, there were approximately 45,857,989 shares of Audentes common stock outstanding, held by hundreds, if not thousands, of individuals and entities scattered throughout

the country.

23. Questions of law and fact are common to the Class, including, among others, whether defendants will irreparably harm plaintiff and the other members of the Class if defendants' conduct complained of herein continues.

24. Plaintiff is committed to prosecuting this action and has retained competent counsel experienced in litigation of this nature. Plaintiff's claims are typical of the claims of the other members of the Class and plaintiff has the same interests as the other members of the Class. Accordingly, plaintiff is an adequate representative of the Class and will fairly and adequately protect the interests of the Class.

25. The prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for defendants, or adjudications that would, as a practical matter, be dispositive of the interests of individual members of the Class who are not parties to the adjudications or would substantially impair or impede those non-party Class members' ability to protect their interests.

26. Defendants have acted, or refused to act, on grounds generally applicable to the Class as a whole, and are causing injury to the entire Class. Therefore, final injunctive relief on behalf of the Class is appropriate.

## SUBSTANTIVE ALLEGATIONS

*Background of the Company and the Proposed Transaction*

27. Audentes is a leading AAV-based genetic medicines company focused on developing and commercializing innovative products for serious rare neuromuscular diseases.

28. The Company is leveraging AAV gene therapy technology platform and proprietary manufacturing expertise to develop programs across three modalities: gene

4

replacement, vectorized exon skipping, and vectorized RNA knockdown.

29. The Company's product candidates are showing promising therapeutic profiles in clinical and preclinical studies across a range of neuromuscular diseases.

30. On December 2, 2019, Audentes' Board caused the Company to enter into the Merger Agreement with Astellas.

31. Pursuant to the terms of the Merger Agreement, Merger Sub commenced the Tender Offer to acquire all of Audentes' outstanding common stock for $60.00 per share in cash.

32. According to the press release announcing the Proposed Transaction:

Astellas Pharma Inc. (TSE: 4503, President and CEO: Kenji Yasukawa, Ph.D., "Astellas") and Audentes Therapeutics, Inc. (NASDAQ: BOLD, Chairman and CEO: Matthew R. Patterson, "Audentes"), today announced that they have entered into a definitive agreement for Astellas to acquire Audentes at a price of US$60.00 per share in cash, representing a total equity value of approximately US$3 billion. . . .

Transaction Details

Under the agreement, which has been unanimously approved by the boards of directors of both Astellas and Audentes, Astellas will acquire Audentes through Asilomar Acquisition Corp., a wholly-owned subsidiary of Astellas US Holding, Inc. ("Asilomar"). Asilomar will commence a tender offer for all outstanding shares of common stock of Audentes, for a price of US$60.00 per share in cash (the "Tender Offer"). Promptly upon successful completion of the Tender Offer, Asilomar will be merged into Audentes, and any remaining shares of common stock of Audentes will be canceled and converted into the right to receive the same US$60.00 per share price. The board of directors of Audentes has resolved to recommend that Audentes stockholders tender their shares to Astellas.

Financial Details and Closing Conditions

Consummation of the transaction is subject to customary closing conditions, including US antitrust clearance and the tender of a majority of Audentes' outstanding shares of common stock. The offer price represents a premium of 110% to Audentes' closing share price of US$28.61 on December 2, 2019. The all-cash transaction is valued at approximately US$3 billion including the purchase of all common shares, options, restricted stock units and other securities. The Tender Offer period is expected to commence in the next few weeks and to expire 20 business days after its commencement, unless otherwise extended. If the Tender

Offer conditions are not satisfied, Astellas may be required to extend the Tender Offer under certain circumstances.

Astellas is still reviewing the impact of a consummation of the transaction on its financial results for the fiscal year ending March 31, 2020.

Morgan Stanley & Co. LLC, acting through its affiliate Mitsubishi UFJ Morgan Stanley Securities Co., Ltd., is acting as exclusive financial advisor to Astellas and Covington & Burling LLP is acting as its legal counsel.

Centerview Partners LLC is acting as exclusive financial advisor to Audentes and Fenwick & West LLP is acting as its legal counsel.

*The Solicitation Statement Omits Material Information, Rendering It False and Misleading*

33. Defendants filed the Solicitation Statement with the SEC in connection with the Proposed Transaction.

34. As set forth below, the Solicitation Statement omits material information with respect to the Proposed Transaction, which renders the Solicitation Statement false and misleading.

35. The Solicitation Statement omits material information regarding the analyses performed by the Company's financial advisor in connection with the Proposed Transaction, Centerview Partners LLC ("Centerview").

36. With respect to Centerview's Discounted Cash Flow Analysis, the Solicitation Statement fails to disclose: (i) the individual inputs and assumptions underlying the discount rates ranging from 11.0% to 13.0% and the perpetuity rates ranging from 10.0% to 20.0%; (ii) the terminal values of Audentes; and (iii) Audentes' fully diluted shares outstanding.

37. With respect to Centerview's analysis of stock price targets, the Solicitation Statement fails to disclose: (i) the stock price targets observed by Centerview in the analysis; and (ii) the sources thereof.

38. With respect to Centerview's analysis of premiums paid, the Solicitation Statement fails to disclose the premiums paid in the transactions observed by Centerview in the analysis.

39. When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

40. The omission of the above-referenced material information renders the Solicitation Statement false and misleading, including, *inter alia*, the following section of the Solicitation Statement: The Solicitation or Recommendation.

41. The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to the Company's stockholders.

## COUNT I

### (Claim for Violation of Section 14(e) of the 1934 Act Against Defendants)

42. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

43. Section 14(e) of the 1934 Act states, in relevant part, that:

It shall be unlawful for any person to make any untrue statement of a material fact or omit to state any material fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading . . . in connection with any tender offer or request or invitation for tenders[.]

44. Defendants disseminated the misleading Solicitation Statement, which contained statements that, in violation of Section 14(e) of the 1934 Act, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not misleading.

45. The Solicitation Statement was prepared, reviewed, and/or disseminated by defendants.

46. The Solicitation Statement misrepresented and/or omitted material facts in connection with the Proposed Transaction as set forth above.

7

47. By virtue of their positions within the Company and/or roles in the process and the preparation of the Solicitation Statement, defendants were aware of this information and their duty to disclose this information in the Solicitation Statement.

48. The omissions in the Solicitation Statement are material in that a reasonable shareholder will consider them important in deciding whether to tender their shares in connection with the Proposed Transaction. In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available.

49. Defendants knowingly or with deliberate recklessness omitted the material information identified above in the Solicitation Statement, causing statements therein to be materially incomplete and misleading.

50. By reason of the foregoing, defendants violated Section 14(e) of the 1934 Act.

51. Because of the false and misleading statements in the Solicitation Statement, plaintiff and the Class are threatened with irreparable harm.

52. Plaintiff and the Class have no adequate remedy at law.

## COUNT II

**(Claim for Violation of 14(d) of the 1934 Act Against Defendants)**

53. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

54. Section 14(d)(4) of the 1934 Act states:

Any solicitation or recommendation to the holders of such a security to accept or reject a tender offer or request or invitation for tenders shall be made in accordance with such rules and regulations as the Commission may prescribe as necessary or appropriate in the public interest or for the protection of investors.

55. Rule 14d-9(d) states, in relevant part:

Any solicitation or recommendation to holders of a class of securities referred to in section 14(d)(1) of the Act with respect to a tender offer for such securities shall include the name of the person making such solicitation or recommendation and

8

>the information required by Items 1 through 8 of Schedule 14D-9 (§ 240.14d-101) or a fair and adequate summary thereof[.]

Item 8 requires that directors must "furnish such additional information, if any, as may be necessary to make the required statements, in light of the circumstances under which they are made, not materially misleading."

56. The Solicitation Statement violates Section 14(d)(4) and Rule 14d-9 because it omits the material facts set forth above, which renders the Solicitation Statement false and/or misleading.

57. Defendants knowingly or with deliberate recklessness omitted the material information set forth above, causing statements therein to be materially incomplete and misleading.

58. The omissions in the Solicitation Statement are material to plaintiff and the Class, and they will be deprived of their entitlement to make a fully informed decision with respect to the Proposed Transaction if such misrepresentations and omissions are not corrected prior to the expiration of the tender offer.

59. Plaintiff and the Class have no adequate remedy at law.

## COUNT III

### (Claim for Violation of Section 20(a) of the 1934 Act Against the Individual Defendants and Astellas)

60. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

61. The Individual Defendants and Astellas acted as controlling persons of Audentes within the meaning of Section 20(a) of the 1934 Act as alleged herein. By virtue of their positions as directors of Audentes and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Solicitation Statement filed with the

SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

62. Each of the Individual Defendants and Astellas was provided with or had unlimited access to copies of the Solicitation Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

63. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same. The Solicitation Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly connected with and involved in the making of the Solicitation Statement.

64. Astellas also had direct supervisory control over the composition of the Solicitation Statement and the information disclosed therein, as well as the information that was omitted and/or misrepresented in the Solicitation Statement.

65. By virtue of the foregoing, the Individual Defendants and Astellas violated Section 20(a) of the 1934 Act.

66. As set forth above, the Individual Defendants and Astellas had the ability to exercise control over and did control a person or persons who have each violated Section 14(e) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act.

67. As a direct and proximate result of defendants' conduct, plaintiff and the Class are threatened with irreparable harm.

68. Plaintiff and the Class have no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for judgment and relief as follows:

A. Enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C. Directing the Individual Defendants to file a Solicitation Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D. Declaring that defendants violated Sections 14(e), 14(d), and 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

E. Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

F. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

Dated: December 18, 2019                                      **RIGRODSKY & LONG, P.A.**

                                                              By:  */s/ Gina M. Serra*
                                                                   Brian D. Long (#4347)
**OF COUNSEL:**                                                    Gina M. Serra (#5387)
                                                                   300 Delaware Avenue, Suite 1220
**RM LAW, P.C.**                                                   Wilmington, DE 19801
Richard A. Maniskas                                                Telephone: (302) 295-5310
1055 Westlakes Drive, Suite 300                                    Facsimile: (302) 654-7530
Berwyn, PA 19312                                                   Email: bdl@rl-legal.com
Telephone: (484) 324-6800                                          Email: gms@rl-legal.com
Facsimile: (484) 631-1305
Email: rm@maniskas.com                                             *Attorneys for Plaintiff*